## In Re Condemnation of Land in Warrington Township

*Thomas F. J. MacAniff*, for plaintiff.
*Alfred Breinig, Jr.*, for defendant.

BODLEY, J., November 5, 1973.—In this condemnation case, a board of view appointed for the purpose of assessing damages following the condemnor's taking of certain lands in Warrington Township, held a hearing on August 15, 1972, for the primary purpose of determining ownership of the condemned land. Under date of April 23, 1973, the board of view filed an "interlocutory order" in which, after discussing the problem involved, the board concluded that Frank H.

Leeland was the equitable owner of the premises involved and, as such, was entitled to receive all the damages to be awarded, to the exclusion of the other named plaintiffs. Thereafter, a petition was filed on behalf of one of the said plaintiffs for the allowance of an appeal from the said interlocutory order, reciting that petitioners' interest and that of the remaining plaintiff were identical. A rule to show cause why the appeal should not be allowed was granted on May 23, 1973. An answer to the petition was thereafter filed but no depositions were taken.

The Eminent Domain Code of June 22, 1964 (Sp. Sess.), P. L. 84, as amended by the Act of December 5, 1969, P. L. 316, 26 PS §1-101, et seq., provides the exclusive manner in which a condemnee's interests may be prosecuted. Under section 507 of the code, the board of view is required to hear the claims of all owners of the condemned property at one and the same time and is required to "first fix the total amount of damages for the property, and second, apportion the total amount of damages between or among the several claimants entitled thereto." It is obvious that the board procedurally deviated from the mandate of the code when it entered the so-called "interlocutory order." Moreover, under section 511 of the code, it is the board's duty to file a report in which, inter alia, a schedule of damages must be set up and a determination made as "to and by whom [the damages are] payable." Further, under subsection 7 of section 511, the board must state in its report the total amount of damages and the nature of the distribution thereof among the several claimants. And finally, under subsection 8, the board must make a determination of the extent of the interest of each claimant to the property condemned.

It is only after the board's report is filed that an

aggrieved party is authorized, by section 515 of the code, to appeal to a court of common pleas. The appeal is "from the filing of the report," and in such appeal all objections of law and fact contained in "the viewers report" are to be raised.

Quite obviously, no report has yet been filed in the case at hand. Since under the statutory procedural framework no appeal may be permitted to the court of common pleas unless and until the board has filed its report assessing damages and directing the manner of distribution of the same, the effort to appeal is premature. It is suggested that boards of view, when faced with similar situations, follow closely the statutory requirements. Unnecessary litigation of this nature would thereby be obviated.

## ORDER

And now, November 5, 1973, the prayer of the petition is denied and the rule heretofore granted thereon is discharged.